# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RANDY DEWAYNE PITTMAN, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 2:20-mc-2079-CLM ) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Randy Dewayne Pittman has moved to expunge an incident report created while he was incarcerated with the federal Bureau of Prisons ("BOP") and to proceed *in forma pauperis*. *See* Docs. 1, 2. After conducting an initial review of Pittman's claims under 28 U.S.C. § 1915(e), the court determines that Pittman's motion to proceed without paying the filing fee (doc. 2) should be **GRANTED** and that this case should be dismissed for lack of jurisdiction.

## BACKGROUND

Pittman is a former federal inmate who was incarcerated at the Federal Correctional Complex in Coleman, Florida ("FCI Coleman") until he was released from custody on May 24, 2019. In December 2018, a BOP official searched

Pittman's cell and found a homemade weapon. BOP officials then took Pittman and his cellmate to the Special Housing Unit ("SHU") and held a hearing before Disciplinary Hearing Officer Aaron Rich. Officer Rich found Pittman guilty of the alleged infraction and took away 14 days of Pittman's good conduct time. The BOP also kept Pittman housed in the SHU for about 5 months.

While housed at the SHU, Pittman appealed Officer's Rich's decision. According to Pittman, the BOP granted his appeal and remanded his case to FCI Coleman for rehearing. Four days before his release from custody, Pittman informed Officer Rich about his successful appeal and asked that Officer Rich expunge from his record the incident report related to the homemade weapon. Officer Rich told Pittman that when the rehearing packet came across his desk he would expunge the incident report. But Officer Rich has not yet expunged the incident report.

So Pittman has filed a motion with this court, asking that the court expunge the incident report and require the BOP to afford him a rehearing. *See* Doc. 1. Pittman has also moved to proceed *in forma pauperis*. *See* Doc. 2.

## ANALYSIS

This court has an obligation to review sua sponte (*i.e.*, on its own) the merits of *in forma pauperis* cases. *See* 28 U.S.C. 1915(e)(2)(B)(i) and (ii). And the court must always make sure that it has jurisdiction over the cases before it. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). One jurisdictional

requirement is that the plaintiff has Article III standing to bring his lawsuit against the defendants. *See Duty Free Americas Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1271 (11th Cir. 2015).

To satisfy Article III, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Pittman acknowledges that he has already served all sanctions imposed by Officer Rich, doc. 1 at 4, so the court cannot redress Pittman's alleged injuries from those sanctions by expunging the incident report. Pittman thus must show that he currently suffers, or is about to suffer, some "collateral consequence" from the incident report to maintain this suit. *See Spencer*, 523 U.S. at 7.

Unlike a wrongful criminal conviction, the courts do not presume that parole revocations or prison disciplinary actions cause collateral consequences. *See id.* at 8, 14; *Williams v. Carter*, 253 F. App'x 914, 915–16 (11th Cir. 2007). And the only potential collateral consequence that Pittman points to is that "if [he] were to find himself back in the prison system in the next eight (8) years, the incident report and sanctions . . . could possibly increase his custody level unnecessarily." Doc. 1 at 4. But courts "assume that [plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction." *See Spencer*, 523 U.S. at 15 (quotations and citations omitted). So Pittman cannot establish standing by alleging that he may wind

up back in prison one day. *See id.* The court thus finds that it lacks jurisdiction to grant Pittman his requested relief (*i.e.*, expunge the incident report and grant him a rehearing). So the court will dismiss this case.[1]

## CONCLUSION

For these reasons, the court will **GRANT** Pittman's motion to proceed without paying the filing fee (doc. 2) and dismiss this case for lack of jurisdiction. The court will enter a separate final order that closes this case.

**DONE** this February 11, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[1] Because Pittman has not filed a civil suit for monetary damages, the court need not address whether he would have standing to maintain such a suit.